# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH ELLIS,   *

Petitioner   *

v   *     Civil Action No. PX-17-958

DAVID BLUBMERG, CHAIRMAN   *
  MARYLAND PAROLE COMMISION,
Respondent   *

    ***

## **MEMORANDUM OPINION**

Respondent seeks dismissal of the above-captioned Petition for Writ of Habeas Corpus, contending that Petitioner, Joseph Ellis, failed to exhaust applicable state remedies. ECF No. 4. Petitioner has not responded and, because no hearing is necessary, the Court now rules.

At the time Ellis filed his petition, he was detained awaiting a parole revocation hearing. Ellis claims that he is entitled to immediate release for failure to receive a revocation hearing within 60 days from detention on the parole retake warrant. ECF No. 1. The pertinent regulation provides that:

> A parole revocation hearing shall be held within 60 days after apprehension of the parolee on the parole violation warrant, *except that failure to hold the hearing within the 60-day period may not be in contravention of this paragraph if the parole violation warrant is not the sole document under which the parolee is detained or incarcerated*. This paragraph may not serve to invalidate the action of the Parole Commission in revoking the parole of an individual if, under all the circumstances, the revocation hearing is held within a reasonable time after the parolee was apprehended and detained for violation of parole under the parole violation warrant.

COMAR 12.08.01.22.F(2)(A) (emphasis supplied).

To the extent Ellis asks this Court to order that the Maryland Parole Commission provide

him a parole revocation hearing, this Court is without jurisdiction to grant such mandamus relief. Pursuant to 28 U.S.C. § 1361, a federal court maintains original jurisdiction in any mandamus action to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. The Court does not have the same mandamus jurisdiction over State employees, such as the Maryland Parole Commission. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent Ellis asks this Court to order his release from detention, the petition concerns questions of State law exclusively and is therefore subject to the exhaustion requirements set forth in 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Ellis must pursue all available remedies in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts as to both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S.Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). This is because state courts must be given the first opportunity to review federal constitutional challenges to state convictions to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondent asserts that Ellis has not filed a state habeas corpus petition concerning this claim.[1]  ECF No. 4-2.  Ellis has not offered any evidence or argument to the contrary.  The claim is, therefore, has not been exhausted.  The petition must be dismissed without prejudice.

In addition, this court declines to issue a certificate of appealability.  *See* 28 U.S.C. §2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  Ellis has provided no excuse for his failure to exhaust his claims.  A certificate of appealability, therefore, shall not issue.

A separate order follows.

| 11/6/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

---

[1] The Petition also appears to be moot in that Ellis has received a revocation hearing during which Ellis was found in violation of three parole conditions.  The Commissioner withheld rendering a final disposition and directed Ellis to be held for 90 days.  ECF No. 4-1.